UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JOHN ARTHUR DAVIS** | * | **CIVIL ACTION NO. 12-0918** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **CITY OF SHREVEPORT POLICE DEPARTMENT and KSLA CHANNEL 12 NEWS MEDIA, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 7] filed by defendant, KSLA, L.L.C. ("KSLA") (incorrectly named in the petition as "KSLA Channel 12 News Media"). Plaintiff opposes remand, and has filed two motions to dismiss [doc. #s 22 & 35] the motion to remand.[1]  For reasons stated below, the motion to remand is GRANTED, and the motions to dismiss are DENIED.

### Background

On, or about March 30, 2012, plaintiff John Arthur Davis filed the instant *pro se* petition(s) against defendants, City of Shreveport Police Department ("City of Shreveport") and KSLA, in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.[2]  In his petition(s), plaintiff asserts various claims for libel, slander, malicious prosecution, and

---

[1] As these motions are not any of the matters excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] All of the petitions were filed in one suit, and assigned one case number.

defamation of character arising out of a May 15, 2011, traffic stop that resulted in a charge of contributing to the delinquency of a minor against Davis. Davis contends that KSLA defamed him by broadcasting a story on the incident, which portrayed him as some type of sex offender or "Sex Predator rapist." *See* Petition(s). Plaintiff further alleges that the publication and circulation of the story violated his rights to due process and equal protection under the 14th Amendment of the United States Constitution. (Petition, ¶ 4 and pg. 4). Plaintiff seeks a total of at least $ 1.5 million in damages against defendants. (Petition, Prayer).

On April 18, 2012, defendant, the City of Shreveport, removed the case to federal court pursuant to 28 U.S.C. § 1441, on the sole basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal). However, the notice of removal conspicuously failed to address whether co-defendant, KSLA, joined in, or otherwise consented to removal. *Id*. On May 2, 2012, KSLA cured this omission by clarifying, via the instant motion to remand, that it did *not* consent to removal.

On May 7, 2012, plaintiff filed an opposition to the motion to remand wherein he emphasized that he properly joined both defendants in the instant suit. *See* doc. # 12.[3] He further argued that he properly served KSLA prior to removal (an issue that is not in dispute), and that the federal courts have exclusive jurisdiction to hear claims arising under the U.S. Constitution (an exegesis on the law that is incorrect). *Id.*[4] Thereafter, on May 10 and 21, 2012, plaintiff incorporated the foregoing arguments into two motions to dismiss the motion to remand. On

---

[3] Defendants do not challenge the propriety of the joinder.

[4] In contrast, state courts enjoy concurrent jurisdiction with federal courts to adjudicate claims under 42 U.S.C. § 1983. *Smith v. Lorch*, 730 So. 2d 530, 533 (La. App. 1st Cir. 1999); *Washington v. Breaux*, 782 F.2d 553, 554 (5th Cir. 1986) (citation omitted).

May 30, 2012, KSLA filed an opposition to plaintiff's motion to dismiss KSLA's motion to remand.

On September 12, 2012, the District Court referred the foregoing motions, plus others, to the undersigned magistrate judge. Briefing is now complete; the matter is before the court.

### Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. The removal statutes are strictly construed in favor of remand. *Id.*

It has long been the rule in the Fifth Circuit that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b). *Jones v. Scogin*, 929 F.Supp. 987, 988 (W.D. La. 1996) (citing *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)). Failure to do so renders the removal defective. *Getty Oil*, 841 F.2d at 1263. While each defendant need not sign the notice of removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action." *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002) (quoting, *Getty, supra*).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA") codified the foregoing principles, as follows, "[w]hen a civil action is removed solely under

3

section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In this case, it is uncontroverted that the City of Shreveport effected removal solely under § 1441(a). Furthermore, it is not contested that KSLA was properly served and joined prior to removal. Thus, to effect removal, KSLA's consent was required.[5]

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). A failure to timely consent to removal constitutes a procedural defect in the removal process. *See Getty Oil, supra.* Moreover, although rare in modern times, a non-consenting defendant may raise this procedural defect via its own motion to remand. *See e.g., Penson Fin. Services, Inc. v. Golden Summit Investors Group, Ltd.*, 2012 WL 2680667 (N.D. Tex. July 5, 2012); and 28 U.S.C. § 1448 (authorizing motion to remand by defendant who is served post-removal). KSLA timely raised its refusal to consent to removal. Accordingly, remand is required. 28 U.S.C. § 1447(c).

---

[5] Another provision of the JVCA provides that if plaintiff joins "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title) . . ." with a claim not within the original or supplemental jurisdiction of the district court or that is nonremovable by statute, then the court shall sever and remand the latter claim(s). 28 U.S.C. § 1441(c)(1) & (2). Under these circumstances, only those defendants against whom plaintiff asserted a claim arising under federal law need join in or consent to removal. 28 U.S.C. § 1441(c)(2).

Here, however, it is manifest that plaintiff maintains that *both* defendants transgressed his constitutional rights. *See* Petition(s); *see also* Pl. Memo. in Support of Summary Judgment, ¶ 10 [doc. # 50] (alleging that defendants violated his constitutional rights). Therefore, because the claims asserted against KSLA are of the type described in § 1441(c)(1)(A), KSLA was required to join in or consent to removal. *Ouachita Indep. Bank v. JR Group, LLC*, 2012 WL 3879249 (W.D. La. Sept. 6, 2012) (Trimble, J.).

**Conclusion**

For the above-assigned reasons,

The motion to remand [doc. # 7] filed by defendant, KSLA, L.L.C., is hereby **GRANTED**. The motions to dismiss [doc. #s 22 & 35] filed by plaintiff John Arthur Davis are **DENIED**. The case shall be **REMANDED** to the First Judicial District Court for the Parish of Caddo, State of Louisiana. The remaining motions will be carried with the case.

THUS DONE AND SIGNED in chambers, this 18th day of September 2012, Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE